UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JANE DOE,

    Plaintiff,

v.

FRONTIER PARK QOZB,
a Florida Limited Liability company,        **Case No. 8:26-cv- 01768**

and

STEPHEN SATZ, individually,

    Defendants.

_____/

### PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM AND FOR PROTECTIVE ORDER

Plaintiff JOANNA CENO ("Plaintiff"), also known as Jane Doe, requests that this Court allow her to prosecute this case anonymously using a pseudonym and in support states as follows:

### SUMMARY OF THE CASE

This lawsuit arises from Plaintiff's allegation that Defendants conditioned Plaintiff's residential tenancy on an attempted sexual relationship with Plaintiff, and in turn created a hostile living environment due to sexual harassment. See generally

1

Doc 1, Complaint. When Plaintiff refused Defendant Satz's illicit quid pro quo, Defendant Satz illegally harassed Plaintiff by (1) repeatedly calling and texting Plaintiff to request sex with her, (2) making sexual comments and advances in person to Plaintiff on the premises; (3) sitting outside Plaintiff's unit watching her at all hours, (4) repeatedly asking Plaintiff on dates and to take vacations with him in lieu of paying rent, and (5) groping Plaintiff on the premises. When Plaintiff began attempting to enforce her tenant rights to call Code Enforcement for housing condition issues, Defendant Satz threatened eviction. Then, Plaintiff lost her job and was seeking rental assistance. Shortly thereafter, Defendant filed a retaliatory eviction against Plaintiff for unpaid rent, despite working with other tenants to obtain rental assistance.

Given the sensitive nature of the issues in this case, which involves allegations that Plaintiff was subjected to severe and pervasive sexual harassment by Defendant's agent, good cause exists for an order allowing Plaintiff to proceed anonymously in order to prevent further harm to Plaintiff.

<u>**MEMORANDUM OF LAW**</u>

As a general matter, a complaint must state the names of all parties. Fed. R. Civ. P. 10(a). However, a party may proceed anonymously in a civil suit in federal court by showing that he or she has "a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings." Id. The Eleventh Circuit has also recognized that, in certain

2

circumstances, a plaintiff's interest in privacy outweighs the public's interest in access to information. In re: Chiquita Brands Int'l, Inc., 965 F.3d 1238, 1247 (11th Cir. 2020) (per curiam).

To determine if a plaintiff may be justified in suing under a pseudonym, a court should examine what are called the "SMU factors," which are: "whether the party seeking anonymity (1) is challenging government activity; (2) would be compelled, absent anonymity, to disclose information of utmost intimacy; or (3) would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal prosecution." In re: Chiquita Brands, 965 F.3d at 1247 (citing in S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe ("SMU")).

These above factors, however, are "only the first step" of the pseudonym analysis; a court's decision should take into consideration "all the circumstances of a given case." Id. (quotations omitted) (emphasis in original) Fed. R. Civ. P. 26(c)(1) also authorizes the Court "for good cause" to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon the Plaintiff's motion. The Court may grant a protective order under Rule 26(c)(1) for "good cause" and has "broad discretion…to decide when a protective order is appropriate and what degree of protection is required." Seattle Times Co. v. Rhinehard, 467 U.S. 20, 36 (1984); see, e.g., Doe v. McCoy, No. 1:23-CV-3169, 2024 WL 843908, at *9 (N.D.Ga. Feb. 28, 2024) (granting motion to proceed

3

anonymously, finding the disclosure of the plaintiff's identity in a revenge porn case "would plainly compound the harm she has already purportedly suffered as result of Defendants' alleged conduct.").

Here, the Plaintiff's allegations and claims against Defendants fall under the second SMU factor for requiring disclosure of utmost intimacy. Further, the risk of harm and embarrassment to Plaintiff outweighs the general presumption of open records. This case requires the Plaintiff to disclose information of the utmost intimacy, specifically repeated attempted sexual manipulation, sexual groping, and psychological abuse. A pseudonym is necessary to prevent further emotional damage and trauma to Plaintiff based on the improper and illegal actions of Defendants. See, e.g., Doe v. Ghiorso, No. 2:24-CV-57, 2024 WL 3511641 Case 1:25-cv-23594-DPG Document 5 Entered on FLSD Docket 08/12/2025 (S.D. Ga. July 23, 2024) ("Plaintiff's substantial right to privacy outweighs the customary presumption she would proceed in her own name.").

## CONCLUSION

Forcing Plaintiff to disclose her identity in public court records would subject her to even more psychological damage, humiliation, and embarrassment than she has already endured. Plaintiff therefore seeks permission to proceed in this action under the pseudonym "Jane Doe" and seeks entry of a protective order barring dissemination of her true name and requiring that any documents containing her true name be filed under seal.

WHEREFORE, the Plaintiff requests to proceed anonymously as Jane Doe, and requests that this Court grant such other relief as it deems just and appropriate.

## CERTIFICATE OF CONFERRAL

Plaintiff's counsel states that they have not yet conferred with Defendant about the relief requested herein, as required by Local Rule 7.1(a)(2), because the Motion is made contemporaneously with the filing of the Complaint and before Defendant has appeared in this case. Counsel certifies that they will confer with Defendant about the relief requested herein at the earliest opportunity.

RESPECTFULLY SUBMMITTED,


By:    /s/    Troy D. Parker

Troy D. Parker, Esq. Fla. Bar No. 1047540
BAY AREA LEGAL SERVICES, INC.
1302 N. 19th Street, Suite 400
Tampa, Florida 33605-5230
Telephone No: (813) 232-1343 ext 125
Facsimile: (813) 315-7024
ableservice@bals.org
tparker@bals.org
*Attorneys for Plaintiff*


**THREE RIVERS LEGAL SERVICES, INC.**
**Co-Counsel for Plaintiff**

   /s/ *Kevin S. Rabin*
Kevin S. Rabin, Esq.
Florida Bar No. 107391
1000 NE 16th Avenue, Bldg. I

5

Gainesville, FL 32601
(352) 415-2310
kevin.rabin@trls.org
litigationservice@trls.org

   /s/ *Katherine Hanson*
Katherine Hanson, Esq.
Florida Bar No. 0071933
1000 NE 16th Avenue, Bldg. I
Gainesville, FL 32601
(352) 415-1654
katherine.hanson@trls.org
litigationservice@trls.org

6