**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JANE DOE,**

     **Plaintiff,**

**v.**                              **Case No. 8:26-cv-1768-KKM-AAS**

**FRONTIER PARK**
**QOZB LLC., et al.,**

     **Defendants.**

_____/

## <u>ORDER</u>

Plaintiff Jane Doe requests to proceed under the pseudonym "Jane Doe" (Doc. 6). On June 22, 2026, the undersigned granted the plaintiff's motion to seal and directed the motion to proceed under pseudonym (Doc. 6) be sealed pending its adjudication. (Doc. 5). For the reasons set forth below, the motion to proceed under pseudonym is due to be **DENIED without prejudice**.

Although Federal Rule of Civil Procedure 10(a) requires every complaint to name all parties, the Rule is not absolute. *Doe v. Sheely*, 781 F. App'x 972, 973 (11th Cir. 2019) (quotation and citation omitted). In exceptional cases a plaintiff may proceed under a pseudonym. *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992).

"The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the

customary and constitutionally-embedded presumption of openness in judicial proceedings." *Sheely*, 781 F. App'x at 973. The Eleventh Circuit has enumerated six factors to guide district courts in this inquiry. *Id.*

> "First, are the plaintiffs seeking anonymity challenging government activity? Second, will they be required to disclose information of the utmost intimacy? Third, will the plaintiffs be compelled to admit their intention to engage in illegal conduct and thus risk criminal prosecution?" *Francis*, 631 F.3d at 1316. We have also directed courts to consider "factors such as whether the plaintiffs were minors, whether they were threatened with violence or physical harm by proceeding in their own names, and whether their anonymity posed a unique threat of fundamental unfairness to the defendant." *Id.* (citations omitted). And even aside from these factors, we have made clear the court "should carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Frank*, 951 F.2d at 323. No single factor should be considered dispositive. *Id.*

*Id.*

The plaintiff requests to proceed under a pseudonym because "the allegations and claims against Defendants fall under the second . . . factor requiring disclosure of utmost intimacy."[1] (Doc. 6, p. 4). The plaintiff argues the risk of harm and embarrassment to herself outweighs the general presumption of open records. *Id.* However, "courts have often denied the protection of anonymity in cases where plaintiffs allege, sexual assault, even

---

[1] "[S]pecifically attempted sexual manipulation, sexual groping, and psychological abuse." (Doc. 6, p. 4).

2

when revealing the plaintiff's identity may cause her to 'suffer some personal embarrassment.'" *Plaintiff B v. Francis*, 631 F.3d 1310, 1316 (11th Cir. 2011) (citing *Frank*, 951 at 324). Indeed, "[the Eleventh Circuit] has said 'personal embarrassment' alone is not enough for leave to proceed anonymously." *Sheely*, 781 F. App'x at 974 (quoting *Frank*, 951 F.2d at 324).

The plaintiff did not plead specific facts or present evidence she is threatened with violence, physical harm, social stigma, or other unique factors to overcome the presumption of openness in judicial proceedings or the explicit requirement of Rule 10(a). "If the plaintiff has evidence to show that proceeding in her own name will cause her special harm, subject her to bodily injury, or implicate other factors that would make hers an exceptional case deserving of anonymity, then she may file a more fulsome second motion to proceed anonymously." *Sheely*, 81 F. App'x at 974; *see Doe v. Neverson*, 820 F. App'x 984 (11th Cir. 2020) (reversing and remanding the district court's decision to deny leave to proceed anonymously when the plaintiff pleaded specific and unique factors to overcome the presumption of openness in judicial proceedings).

Accordingly, the motion to proceed under pseudonym is **DENIED without prejudice**. By **July 28, 2026**, the plaintiff must either file a renewed motion to proceed under pseudonym or file an amended complaint without

using a pseudonym.

      **ORDERED** in Tampa, Florida, on July 16, 2026.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

4