UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JANE DOE,

      Plaintiff,

v.                                                              Case No. 8:26-cv-1768-KKM-AAS

FRONTIER PARK
QOZB LLC., et al.,

      Defendants.

_____/

## ORDER

Plaintiff Jane Doe renews her motion to proceed under the pseudonym "Jane Doe" and requests a protective order barring dissemination of her true name and requiring that any documents disclosing her true identify be filed under seal. (Doc. 9). For the reasons set forth below, the motion to proceed under pseudonym is due to be **GRANTED.**

Although Federal Rule of Civil Procedure 10(a) requires every complaint to name all parties, the Rule is not absolute. *Doe v. Sheely*, 781 F. App'x 972, 973 (11th Cir. 2019) (quotation and citation omitted). In exceptional cases a plaintiff may proceed under a pseudonym. *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992).

"The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the

1

customary and constitutionally-embedded presumption of openness in judicial proceedings." *Sheely*, 781 F. App'x at 973. The Eleventh Circuit has enumerated six factors to guide district courts in this inquiry. *Id.*

> "First, are the plaintiffs seeking anonymity challenging government activity? Second, will they be required to disclose information of the utmost intimacy? Third, will the plaintiffs be compelled to admit their intention to engage in illegal conduct and thus risk criminal prosecution?" *Francis*, 631 F.3d at 1316. We have also directed courts to consider "factors such as whether the plaintiffs were minors, whether they were threatened with violence or physical harm by proceeding in their own names, and whether their anonymity posed a unique threat of fundamental unfairness to the defendant." *Id.* (citations omitted). And even aside from these factors, we have made clear the court "should carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Frank*, 951 F.2d at 323. No single factor should be considered dispositive. *Id.*

*Id.*

In addition, the court may, for good cause, issue an order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c); *see In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 355 (11th Cir. 1987) (providing that the district court may issue a protective order if "good cause" is shown). The party seeking a protective order has the burden to demonstrate good cause. *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429–30 (M.D. Fla. 2005).

The plaintiff requests to proceed under a pseudonym to avoid further

humiliation, risk of retaliation, and psychological, reputational, and professional harm. (Doc. 9). Turning to the first and third factors, this suit does not involve government activity or the plaintiff's admission of an intention to engage in illegal conduct. As to the second factor, in disclosing her identify the plaintiff would be required to disclose information of the utmost intimacy, specifically, "repeated attempted sexual manipulation, sexual groping, psychological abuse and the results therefrom." (Doc. 9, p. 7); *see Doe v. Rollins Coll.*, No. 6:18-CV-1069-ORL-37KRS, 2018 WL 11275374 at *4 (M.D. Fla. Oct. 2, 2018) ("This case raises serious allegations of sexual assault, which are matters that are of a sensitive and personal nature that can be construed as matter of 'utmost intimacy.'"); *C. S. v. Choice Hotels Int'l, Inc.*, No. 2:20-CV-635-JES-MRM, 2021 WL 2792166 at *4 (M.D. Fla. June 11, 2021) (finding claims involving "sexual service, physical assaults, and psychological torment . . . are 'sensitive and highly personal in nature,' . . . and denying Plaintiff's motion would require her to disclose 'information of the utmost intimacy.'").

In addition, the plaintiff is not a minor and the plaintiff's anonymity in public filings would not pose a threat of fundamental unfairness to the defendants. Indeed, a protective order would allow the plaintiff to disclose her identity to the defendants while otherwise keeping her identity confidential.

In the Amended Motion the plaintiff further explains the totality of her

circumstances. Plaintiff Jane Doe, the tenant, alleges Defendant Satz, the landlord, has a history of threatening other tenants and stalked the plaintiff. (Doc. 9, pp. 2–4). In addition to fearing for her safety, the plaintiff fears facing future social stigma in housing contexts and that Defendant Staz will publicize this action to invite public scrutiny of the plaintiff and pressure her to abandon this action. (Doc. 9, p. 9).

This fear is supported by allegations that Defendant Satz spread negative rumors to other employees and tenants of the park after the plaintiff began defending herself from the defendants' actions. (Doc. 9, p. 3). The plaintiff also alleges the defendant entered her former place of employment and told the plaintiff's co-workers the plaintiff is a prostitute. (*Id.*). Absent granting this motion, the plaintiff fears retaliatory actions will be taken against her at her new place of employment. *See Doe v. Neverson*, 820 F. App'x 984, 988 (11th Cir. 2020) (explaining "social stigma is sufficient to warrant proceeding anonymously.").

Further, the plaintiff alleges the "Defendants know that Plaintiff, if exposed to excessive stress, could suffer a subsequent seizure" and the plaintiff fears Defendant Satz may act to "induce excessive stress through publication of Plaintiff's identity and the existence of her suit, placing pressure of her to desist." (Doc. 9, p. 5).

After considering the factors, the totality of the circumstances, and balancing the presumption of open judicial proceeding against the plaintiff's privacy interest, the plaintiff's Amended Motion to Proceed Under Pseudonym and for Protective Order (Doc. 9) is **GRANTED**. Accordingly, the plaintiff may proceed under pseudonym and there is good cause to enter a protective order to protect the plaintiff's name from being made public. The protective order is entered as follows:

1. All documents filed with the Court that contain Plaintiff or information that identifies Plaintiff by her name shall be filed under seal. In all publicly filed documents, Plaintiff shall be identified only by her pseudonym.

2. If requested to do so, Plaintiff counsel shall disclose the name of the Plaintiff to counsel for Defendant.

3. Counsel for Defendant may disclose the identity of the Plaintiff to the named Defendant, employees of Defendant, and experts retained in the case, but only to the minimum extent necessary to litigate this action.

4. Individuals to whom disclosure of the Plaintiff's identity is made shall not further disclose that information to any other person without first obtaining confirmation from the Defendant's counsel

5

that such disclosure is necessary to litigate this action.

5. Any person to whom disclosure is made because of this litigation shall first read this protective order prior to having access to the identity of the Plaintiff. Counsel for Defendant shall ensure that all persons to whom disclosure is made pursuant to paragraphs 3 and 4 are aware of this protective order.

6. Under no circumstances shall any person disclose Plaintiff's name to the media, social media, and other unauthorized external outlets without consent of the Plaintiff counsel.

7. If any specific issues related to non-disclosure of the Plaintiff's identity arise during the course of litigation, the parties shall seek to resolve those issues without court intervention. If the parties cannot agree, they shall seek further clarification from this Court.

**ORDERED** in Tampa, Florida, on July 31, 2026.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

6